UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LOGAN THOMSON, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE UNIVERSITY OF RHODE ISLAND,<br><br>Defendant. | Civil Action No. _____ |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Board of Trustees of the University of Rhode Island (the "University") hereby removes this putative class action pursuant to 28 U.S.C. §§ 1332 and 1446 from the Superior Court in Washington County, State of Rhode Island (the "State Court") to the United States District Court for the District of Rhode Island. In support of this Notice of Removal, the University respectfully states as follows:

**Background**

1. Plaintiff commenced this action on or about May 14, 2020 by filing a Class Action Complaint with Jury Demand ("Complaint") in the State Court, captioned as *Thomson v. Board of Trustees of the University of Rhode Island*. The State Court assigned Case Number WC-2020-0209. A true and accurate copy of the Complaint is attached hereto as Exhibit A. Plaintiff seeks refunds of tuition and fees paid by or on behalf of students because the University closed its campus and transitioned to online learning in March 2020 in response to the COVID-19 pandemic.

2. The University executed a Stipulation for Acceptance of Service and for Extension of Time on June 4, 2020, which was filed with the State Court on June 5, 2020, a true and correct copy of which is attached hereto as Exhibit B.

3. Plaintiff asserts four counts in the Complaint based on claims for breach of contract and unjust enrichment.

4. In his Prayer for Relief, Plaintiff seeks the value of "amounts wrongfully obtained for tuition and fees," declaratory relief that "Defendant has wrongfully kept monies paid for tuition and fees," injunctive relief that "enjoining Defendant from retaining the pro-rated, unused monies paid for tuition and fees," and attorney fees, interest, and costs.

## Diversity Jurisdiction

5. This Court has original jurisdiction over this matter under the Class Action Fairness Act of 2005 ("CAFA"), relevant provisions of which are codified at 28 U.S.C. § 1332(d). Specifically, under 28 U.S.C. § 1332(d)(2), federal courts have original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; . . ." The claims of the putative class members are aggregated to determine the $5,000,000 amount in controversy. 28 U.S.C. § 1332(d)(6).

6. This case meets the requirements under 28 U.S.C. § 1332(d)(2) for conferring original federal jurisdiction for the following reasons:

   a. Plaintiff alleges that he is a resident of the State of New Jersey. Complaint ¶ 5. Under 28 U.S.C. § 1332(c), the University is a citizen of Rhode Island. *See* Complaint at ¶ 7 (identifying the University as a Rhode Island public corporation); R.I. Gen.

{W12182488.4.2.2}

Laws § 16–59–1 (establishing the University as a public corporation under Rhode Island law). Therefore, because Plaintiff is alleged to be a citizen of New Jersey and the University is a citizen of a different State, this action satisfies the requirement that any member of the proposed class be a citizen of a State "different from any defendant." 28 U.S.C. § 1332(d)(2)(A). In addition, the proposed classes are not limited to citizens of Rhode Island, and as defined would include citizens of different states. *See* Complaint, ¶ 41.

        b.     Although the University denies liability and denies Plaintiff's theories and claims of damages, the Complaint seeks class-wide damages, in the aggregate, that exceed the $5,000,000 amount in controversy requirement set forth in 28 U.S.C. § 1332(d)(2). The Complaint seeks refunds on behalf of putative classes who paid tuition and fees for or on behalf of students enrolled in the University for the Spring 2020 semester. Based on the description of damages and requested injunctive relief in the Complaint, Plaintiff's claims meet the minimum threshold for CAFA jurisdiction.

        7.     This Notice of Removal is being filed within thirty days of June 4, 2020, the date on which the University stipulated to accept service of the Summons and Complaint, which stipulation was filed with the State Court on June 5, 2020. *See* Exhibit B. Pursuant to Fed. R. Civ. P. Rule 6(a) and 28 U.S.C. § 1446(b), the Notice is timely. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

        8.     Because the University has timely filed this notice of removal, and the requirements of 28 U.S.C. § 1332(d) are satisfied, removal of the case to this Court is proper.

### Venue

9. The United States District Court for the District of Rhode Island is the federal judicial district embracing the State Court where Plaintiffs originally filed this suit.

### Miscellaneous

10. Pursuant to 28 U.S.C. § 1446(d), the University will provide Plaintiff with written notice of this filing and will provide the State Court with a copy of such notice.

**WHEREFORE,** the University, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the State Court, effects the removal of said civil action to this Honorable Court.

Date: July 2, 2020

Respectfully Submitted,

**BOARD OF TRUSTEES OF
THE UNIVERSITY OF RHODE ISLAND**

 /s/ Michael J. Daly
Michael J. Daly, Esq. (#6729)
Pierce Atwood LLP
One Financial Plaza, 26th Floor
Providence, RI 02903
Telephone: (401) 588-5113
mdaly@pierceatwood.com

*Attorneys for Defendant Board of Trustees
of the University of Rhode Island*

{W12182488.4.2.2}

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2020, I electronically filed the foregoing document by ECF with the U.S. District Court for the District of Rhode Island, and served the same, via e-mail and U.S. Mail, postage prepaid, upon counsel of record addressed as follows:

Robert J. Caron, Esq.
Caron Law Office
478A Broadway
Providence, Rhode Island 02909
Telephone: (401) 621-8600
rjcaron@robertjcaronlaw.com

John M. Bradham
Peter B. Katzman
Morea Schwartz Bradham Friedman & Brown, LLP
444 Madison Ave., 4th Floor
New York, New York 10022
Telephone: (212) 695-8050
jbradham@msbllp.com
pkatzman@msbllp.com

Eric M. Poulin
Roy T. Wiley
Anastopoulo Law Firm, LLC
32 Ann Street
Charleston, South Carolina 29403
Telephone: (843) 614-8888
eric@akimlawfirm.com
roy@akimlawfirm.com

/s/ Michael J. Daly
Michael J. Daly, Esq. (#6729)

{W12182488.4.2.2}